## CARSON & RAND LUMBER CO. *v.* HOLTZCLAW.

*(Circuit Court, E. D. Missouri, N. D.* September 30, 1889.)

REMOVAL OF CAUSES—LOCAL PREJUDICE.

In an action by a foreign corporation for the price of lumber sold, defendant counter-claimed for services rendered, and for damages for breach of contract. In support of a petition for removal to the federal court plaintiff filed an affidavit signed by several citizens of the county in which defendant resided, stating in general terms that from prejudice and local influence the plaintiff could not obtain a fair trial in that county, or in the judicial district. The facts stated in the affidavit were that defendant had a large and influential business connection in the county and district, and that the counties had had more or less litigation in their corporate capacity, which had excited a prejudice against non-resident corporations. This affidavit was controverted by one signed by numerous citizens of the vicinity. *Held*, that the petition would be denied.

On Petition for Removal. For opinion on application to strike petition for removal from the files, see *ante,* 578.

*Sears & Guthrie* and *James C. Davis*, for petitioner.

*B. R. Dysart, Berry & Thompson*, and *Anderson & Schofield*, for defendant.

THAYER, J. In the case of *Short* v. *Railroad Co.*, 33 Fed. Rep. 114, Judge BREWER held that the act of 1867 concerning the removal of causes from a state to a federal court on the ground of "prejudice and local influence" was superseded and repealed by implication by the provisions on the same subject contained in the second section of the act of March 3, 1887. He further held that when an application is made for removal under the latter act on the ground of "prejudice or local influence" it should be addressed to the federal court in the first instance, and that, inasmuch as the law provides that "it shall be made to appear" to that court that prejudice or local influence exists, it is the duty of that court to hear evidence *pro* and *con*, if necessary, (either oral testimony or affidavits,) and to decide thereon as to the existence of such prejudice or influence, before entertaining jurisdiction of the case on its merits. To the same effect is the decision of Justice HARLAN in *Malone* v. *Railroad Co.*, 35 Fed. Rep. 625, and of Judges WALLACE and LACOMBE in *Amy* v. *Manning*, 38 Fed. Rep. 868, 536, and of Judge BUNN in *Southworth* v. *Reid*, 36 Fed. Rep. 451. At variance with these decisions are the decisions in *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849; *Fisk* v. *Henarie*, 32 Fed. Rep. 425; and *Huskins* v. *Railway Co.*, 37 Fed. Rep. 504. Judges JACKSON, DEADY, and KEY hold that an affidavit by a non-resident suitor, alleging in the words of the statute "that from prejudice or local influence he will not be able to obtain justice in the state court," is sufficient to authorize a removal to the federal court, and that such allegation cannot be traversed by the person or persons against whom a removal is sought. In this district the decision of Judge BREWER must be accepted as the correct interpretation of the act of March 3, 1887, until the supreme court of the United States decides differently. In accordance with these views, on the 4th of June last, I gave the resident suitor, (Mr. Holtzclaw) leave to file affidavits in opposition to those filed by the non-resident in support of its petition for removal. *Vide ante*, 578. The affidavits on both sides have now been examined, with the result that the court is not satisfied that a right of removal exists. The suit is one in which the Carson & Rand Lumber Company sue for the value of lumber sold and delivered to Holtzclaw. The defendant has interposed a counter-claim for services rendered, and for damages sustained by reason of breach of contract. The suit is not one in which the public can be presumed to take any special interest, nor is it one calculated to excite any local prejudice, or affect any local interest. An affidavit signed by several citizens of Macon county, Mo., where the suit is pending, has been filed, stating in general terms that from prejudice and local influence the lumber company will not be able to obtain a fair trial in Macon county, or in any county in that judicial circuit to which the case can be removed. This can be regarded in no other light than an expression of the opinion of the several affiants. The facts stated in the affidavit on which such opinion is based are (1) that Richard Holtzclaw has been a resident of Macon county for some years, and has a large and influential business

acquaintance in that and adjoining counties; and (2) that Macon county and other adjoining counties have had more or less litigation in their corporate capacities, and that such litigation has excited a prejudice against non-resident foreign corporations. On the other hand, an affidavit signed by numerous citizens of the county is filed, which alleges in substance that no prejudice exists against the lumber company, and that Holtzclaw has no such influence in Macon county and the adjoining counties as would prevent a fair trial of the case in question. It is sufficient to say that the petitioner's proofs are utterly insufficient to establish that such a prejudice exists among the inhabitants of several populous counties, or that Holtzclaw has such a dominating influence over such inhabitants, that petitioner cannot obtain a fair trial of the suit in question. The integrity and fairness of the people of an entire judicial district, consisting of several counties, cannot be impeached by such general averments as these. It is by no means probable that the condition of public sentiment is such that in a business controversy between an ordinary foreign business corporation and a citizen of Macon county, the judicial tribunals of that and the adjoining counties would be unable to administer justice fairly. If that is the condition of affairs in the locality in question, the petitioner ought to be able to show with more clearness the cause of the prejudice that exists against it and that prevents it from obtaining justice, as well as the secret of the undue influence which the defendant exercises over the people of the community. The petition for removal is dismissed at petitioner's cost, and an order of removal denied.